**[J-22-2017] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

GREEN PARTY OF PENNSYLVANIA : No. 11 MAP 2017
AND CHERI HONKALA, :
: Appeal from the Order of the
Appellants : Commonwealth Court dated February
: 15, 2017 at No. 43 MD 2017
:
v. : SUBMITTED: February 23, 2017
:
:
DEPARTMENT OF STATE BUREAU OF :
COMMISSIONS, ELECTIONS AND :
LEGISLATION AND COMMONWEALTH :
OF PENNSYLVANIA, :
:
Appellees :

**CONCURRING OPINION**

**DECIDED: March 3, 2017**
**JUSTICE TODD** **OPINION FILED: August 22, 2017**

I join the Majority Opinion, except for its manner of calculating the timeliness of Appellants' nomination certificate. On that, my analysis differs, but arrives at the same conclusion.

Section 629 of the Election Code provides that nomination certificates in special elections for offices such as those at issue in this case "shall be filed in the office of the Secretary of the Commonwealth not later than fifty (50) days prior to the date of the special election." 25 P.S. § 2779. The date of the special election was March 21, 2017. One day prior to that date was March 20, 2017. Two days prior to that date was March 19, 2017. Counting backwards in this fashion on the calendar, January 30, 2017 was the 50th day prior to the special election. Accordingly, the Department of State correctly

set January 30, 2017 as the filing date for nomination certificates. As Appellants filed their nomination certificate on January 31, 2017, it was untimely filed.[1]

Moreover, contrary to Appellants' contention, this calculation is entirely consistent with Section 103(e) of the Code, which provides that, "[i]n determining or reckoning any period of time mentioned in this act, the day upon which the act is done, paper filed, or notice given, shall be excluded from, and the date of the primary, election, hearing or other subsequent event, as the case may be, shall be included in the calculation or reckoning." 25 P.S. 2603(e). Returning to the core illustration above: had the nomination certificates been due *one day* prior to the special election on March 21, 2017, they would have been due on March 20, 2017. That calculation includes the election day, and excludes the filing/due date — constituting *one day* in total — per Section 103(e). The 50-day calculation above, yielding a filing date of January 30, 2017, is likewise consistent with Section 103(e).

---

[1] The dissent contends that, under a common sense reading of Section 629, "the date of the special election, March 21, 2017, is counted as the *first* of the fifty day time period." Dissenting Opinion (Donohue, J.) at 2 (emphasis added). This interpretation, however, yields the illogical conclusion that the first day "prior" to the special election was itself the date of the special election — that is, that one day prior to March 21, 2017 was March 21, 2017. I find nothing commonsensical about such an interpretation. In my view, an ordinary citizen would understand that one day prior to March 21 was March 20.